IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. _____

| | | |
|---|---|---|
| DEREK SLAUGHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| THE CITY OF NEWTON, THE | ) | |
| NEWTON POLICE DEPARTMENT, | ) | |
| DONALD BROWN, VIDAL SIPE, MARK | ) | |
| BEAL, TIMOTHY HAYES, BRIAN | ) | |
| KELLY and JONATHAN FRANKLIN | ) | |
| | ) | |
| Defendants. | ) | |

**NOW COMES** the Plaintiff, Derek Slaughter ("Plaintiff"), by and through undersigned counsel complaining of the Defendants as follows:

<u>PRELIMINARY STATEMENT</u>

1. This is an action to recover money damages arising out of Defendants' violation of Plaintiff's rights as secured by the First Amendment to the United States Constitution, 42 U.S.C. 1983, N.C.G.S. § 12-223, N.C.G.S. § 160A-169 and in violation of North Carolina public policy as set forth in N.C. Gen. Stat. § 95-126 et seq, as well as a negligence action in which Plaintiff seeks compensatory damages for Defendants' negligence.

2. Plaintiff's claims arise out of Defendants' unlawful retaliation and termination of Plaintiff from the City of Newton Police Department.

3. On October 12, 2022, Defendants, acting through the City of Newton Police Department, unlawfully terminated Plaintiff from the City of Newton Police Department.

4. During Plaintiff's employment, Defendants, acting through the City of Newton Police Department, unlawfully retaliated against Defendant, while other Defendants failed to intervene in that retaliation.

5. As a result of these incidents, Plaintiff has suffered lost income, emotional distress, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

6. This action and all associated claims have been timely brought within the applicable statutes of limitations.

7. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of cost and attorney's fees, and such other relief as the Court may deem just and proper.

## PARTIES

8. Plaintiff is a resident of Iredell County, North Carolina.

9. Plaintiff was a direct employee of Defendant Newton Police Department from September 22, 2007, until November 11, 2013, and again a direct employee from June 1, 2016, until October 12, 2022.

10. Defendant The City of Newton (Defendant "City") is a municipal corporation organized under the laws of the State of North Carolina.

11. Defendant City is not incompetent, a minor, nor a member of the armed services.

12. Defendant Newton Police Department is a department appointed by the Defendant City that is supported, in whole or in party, by city funds.

13. Defendant Newton Police Department is not incompetent, a minor, nor a member of the armed services.

14. At all times relevant hereto, Defendant City, acting through the Newton Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all Newton Police Department matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all Newton Police Department personnel, agents, office holders, supervisors, as well as the individually named Defendants herein.

15. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the Newton Police Department, and for ensuring that the Newton Police Department personnel obey the laws of the United States and the State of North Carolina.

16. Defendant Donald Brown was, at all times here relevant, employed by the Newton Police Department and as such was acting in the capacity of an agent, servant and employee of the City of Newton. Defendant Brown was, at the time relevant herein, a Chief of Police with the Newton Police Department. Defendant Brown is sued in their individual and official capacities.

17. Defendant Brown is not incompetent, a minor, nor a member of the armed services.

18. Defendant Vidal Sipe was, at all times here relevant, employed by the Newton

Police Department and as such was acting in the capacity of an agent, servant and employee of the City of Newton. Defendant Vidal Sipe was, at the time relevant herein, a Chief of Police with the Newton Police Department. Defendant Vidal Sipe is sued in their individual and official capacities.

19. Defendant Sipe is not incompetent, a minor, nor a member of the armed services.

20. Defendant Mark Beal was, at all times here relevant, employed by the Newton Police Department and as such was acting in the capacity of an agent, servant and employee of the City of Newton. Defendant Beal was, at the time relevant herein, a supervisory officer with the Newton Police Department. Defendant Beal is sued in their individual and official capacities.

21. Defendant Beal is not incompetent, a minor, nor a member of the armed services.

22. Defendant Timothy Hayes was, at all times here relevant, employed by the Newton Police Department and as such was acting in the capacity of an agent, servant and employee of the City of Newton. Defendant Hayes was, at the time relevant herein, a supervisory officer and interim police chief with the Newton Police Department. Defendant Hayes is sued in their individual and official capacities.

23. Defendant Hayes is not incompetent, a minor, nor a member of the armed services.

24. Defendant Brian Kelly was, at all times here relevant, employed by the Newton Police Department and as such was acting in the capacity of an agent, servant and employee of the City of Newton. Defendant Kelly was, at the time relevant

herein, a supervisory officer with the Newton Police Department. Defendant Kelly is sued in their individual and official capacities.

25. Defendant Kelly is not incompetent, a minor, nor a member of the armed services.

26. Defendant Jonathan Franklin was, at all times here relevant, employed by the City of Newton and as such was acting in the capacity of an agent, servant and employee of the City of Newton. Defendant Franklin was, at the time relevant herein, a City Manager with the City of Newton. Defendant Franklin is sued in their individual and official capacities.

27. Defendant Franklin is not incompetent, a minor, nor a member of the armed services.

28. At all times relevant herein, the individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the Newton Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

29. In addition, at all times here relevant, Defendant City was responsible for enforcing the policies and procedures of the Newton Police Department, and for ensuring that the Newton Police Department personnel obey the laws of the United States and the State of North Carolina.

**JURISDICTION AND VENUE**

30. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, based upon the claims brought under the Constitution and laws of the United States.

The Court also has jurisdiction under 28 U.S.C. § 1343, as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

31. The United States District Court for the Western District of North Carolina has personal jurisdiction because Defendants conduct business in all areas of the state, including, but not limited to, Catawba County, North Carolina, which is located within this District.

32. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), insomuch as Defendants conduct business within the Western District of North Carolina, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

33. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pendent state law claims because those state law claims arise out of the same nucleus of operative fact as the 42 U.S.C. § 1983, and First Amendment claims.

34. Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the Plaintiff by the First Amendment to the U.S. Constitution and laws of the United States.

35. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure, as well as claims for nominal and compensatory damages, against all Defendants.

36. Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988.

37. Plaintiff is informed, believes, and therefore alleges that in engaging in the conduct alleged herein, Defendants acted with the intent to deprive Plaintiff of its constitutional rights, and/or with reckless or callous indifference toward Plaintiff's federally protected rights.

38. As a result of the forgoing, Plaintiff seeks compensatory and punitive damages against the individual Defendants.

39. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

40. The evidence establishing liability for the causes of action will be similar, and neither issue will predominate nor create confusion for a jury.

### FACTUAL ALLEGATIONS

41. Plaintiff was a direct employee of Defendant Newton Police Department from September 22, 2007, until November 11, 2013.

42. Plaintiff worked for Defendant Newton Police Department as a law enforcement officer, a position where the essential functions for the job included performing routine law enforcement work such as patrolling the city, responding to service calls, and performing routine investigations.

43. On or about November 11, 2013, Plaintiff left his position with Defendant Newton Police Department to work for the Lincoln County Sheriff's Department.

44. On June 1, 2016, Plaintiff returned to employment with Defendant Newton Police Department.

45. Plaintiff was then a direct employee of Defendant Newton Police Department from June 1, 2016, until October 12, 2022.

46. Plaintiff performed as a law enforcement officer at the Defendant Newton Police Department at the direction and under the supervision of the Defendant officers.

47. At the time of his rehire, Plaintiff was required to repeat field training without cause or reason. Upon information and belief, other repeat hires were not required to repeat their field training.

48. At the time of his rehire, Defendant Brown directed Sergeant David Coffman, Plaintiff's direct supervisor, to monitor Plaintiff's work for misconduct without cause or provocation.

49. During Plaintiff's employment, Plaintiff refused to participate in misconduct and wrongdoing within the department.

50. On or about 2016, Defendant Brown announced his candidacy for Sheriff of Catawba County.

51. On or about 2016, Mr. Jason Reid, the supervisor of the Narcotics Division of the Catawba County Sheriff's Office, announced his candidacy for Sheriff of Catawba County.

52. On or about 2016, Defendant Brown directed Plaintiff to obstruct the duties of the Narcotics Division of the Catawba County Sheriff's Office in their duties, including but not limited to not assisting the Catawba County Sheriff's Office in their duties, lying to the Catawba County Sheriff's Office about a drug complaint, and preventing the Catawba County Sheriff's Office from claiming jurisdiction

in cases.

53. Upon information and belief, these unlawful instructions were issued as a result of political motivations.

54. During Plaintiff's employment under Defendant Brown, Plaintiff continued to perform his duties as required under public policy.

55. On or about that time, Defendant Hayes made reports with false allegations against Plaintiff.

56. On or about October 24, 2016, Plaintiff was removed from night shift and stripped of Homeland Security credentials without cause.

57. During Plaintiff's employment, Plaintiff consulted with Prosecutor Kyle Smith to ensure he was complying with public policy and confirm that his discipline was without cause.

58. After receiving such unlawful discipline, Plaintiff continued to perform his duties as required under public policy.

59. On or about November 27, 2017, Defendant Beal and Defendant Hayes directed Plaintiff to interrogate a suspect with the purpose of gathering damaging information about Mr. Jason Reid.

60. Upon information and belief, these unlawful instructions were issued as a result of political motivations.

61. Plaintiff refused to participate in the interrogation.

62. On or about October 30, 2018, Plaintiff conducted an operation with the Conover Police Department.

63. On or about that time, Plaintiff informed Defendant Kelly of the operation.

64. On or about that time, Defendant Kelly directed Plaintiff to refrain from taking action against a residence harboring known criminals.

65. Upon information and belief, Defendant Kelly's directive was given to allow Defendant Brown to claim the drug bust as his inaugural major arrest upon assuming office.

66. On or about November 21, 2018, Plaintiff was again removed from the night shift and the narcotics division without cause.

67. On or about 2018, Defendant Brown won the election for Sheriff of Catawba County.

68. On or about that time, Defendant Hayes was named interim chief.

69. On or about 2019, Defendant Sipe became Chief of the City of Newton Police Department.

70. On or about 2019, Plaintiff approached Defendant Beal and requested to see Plaintiff's personnel file. It was then that Plaintiff discovered that there was no documentation pertaining to the regarding the investigations that led to the discipline Plaintiff experienced on October 24, 2016, and November 21, 2018, except a document regarding upholding Plaintiff's punishment.

71. On or about that time, Plaintiff approached Defendant Sipe regarding the discipline Plaintiff experienced on October 24, 2016, and November 21, 2018, and requested that he look into both incidents. It was later discovered that there were unsigned and unapproved write up documentation related to the incidents in

Plaintiff's human resource file.

72. As a result of the unlawful discipline Plaintiff experienced on October 24, 2016, and November 21, 2018, Plaintiff experienced frequently invidious comments and ridicule from fellow officers, rising to a level of workplace harassment.

73. During Plaintiff's employment, Plaintiff made several reports to Defendant Beal of the harassment from fellow officers that stemmed from the discipline Plaintiff experienced on October 24, 2016, and November 21, 2018, without cause.

74. Despite these reports, Defendant Beal did not address the harassment.

75. On or about 2019, Plaintiff addressed the harassment with Defendant Sipe during a departmental meeting. It was at this meeting that Defendant Beal addressed the department and acknowledged that Plaintiff's discipline was without cause or provocation. To the contrary, Defendant Beal stated that such action was a result of Defendant Brown's political campaign.

76. During that meeting, Plaintiff requested that Defendant Sipe investigate and hold department employees accountable for Plaintiff's retaliatory discipline.

77. On or about that time, Plaintiff filed a Giglio complaint with Defendant Sipe against Defendant Brown, Defendant Hayes and Defendant Beal for unlawful discipline as a result of political motivation.

78. On or about that time, Plaintiff experienced several Internal Affairs investigations without cause, all of which were found to be unfounded of any wrongdoing. Upon information and belief, no documentation regarding these investigations was ever placed in Plaintiff's personnel file.

79. As a result of such allegations, Plaintiff continued to experience frequently invidious comments and ridicule by his fellow officers, rising to a level of workplace harassment.

80. As a result of the misconduct Plaintiff faced during his employment, Plaintiff filed a Declaration of Intent to become a candidate for Sheriff on September 29, 2021.

81. Upon information and belief, on or about this time, Defendant Sipe contacted an Internal Affairs investigator with the intent to uncover disparaging information about Plaintiff.

82. On or about this time, Plaintiff had an in-office meeting with Defendant Sipe about Plaintiff staying back and forth at two locations. Plaintiff requested approval of both locations to park Plaintiff's police vehicle.

83. On February 23, 2022, Defendant Brown reported residency concerns to Defendant Sipe.

84. Upon information and belief, this report was made as a result of political motivation.

85. On or about April 2022, Plaintiff experienced another Internal Affairs investigation without cause due to a complaint made by Defendant Beal without cause. The complaint alleged that Plaintiff was parking his police-issued vehicle at an unauthorized location while off duty.

86. Upon information and belief, the reasoning for the complaint was pretextual and a result of political motivation.

87. On or about August 5, 2022, Plaintiff filed a notice of candidacy for Sheriff.

88. It was not until August 11, 2022, that Plaintiff was demoted, received a five-day suspension, and lost his take home police vehicle privileges for six months as a result of Defendant Beals' pretextual complaint.

89. On August 12, 2022, an officer with the Catawba County Sheriff's Department initiated a challenge to the plaintiff's political candidacy, citing residency concerns in violation of N.C.G.S. § 163-57(1).

90. Upon information and belief, this challenge was made as a result of political motivations under the instruction of Defendant Brown.

91. On August 17, 2022, Plaintiff was compelled to abandon his pursuit of political office due to the persistent reports and interference by Defendant Brown.

92. After investigation, the North Carolina State Board of Elections found that there was insufficient evidence of any wrongdoing by the Plaintiff.

93. On September 14 ,2022, Plaintiff filed a formal appeal to Defendant City for the unlawful discipline that occurred on August 11, 2022.

94. On October 12, 2022, Defendant Franklin terminated Plaintiff from employment for parking his police-issued vehicle at an unauthorized location while off duty.

95. Upon information and belief, the reasoning for the termination was pretextual and a result of political motivation.

96. Defendants repeatedly falsified information relating to the facts and circumstances surrounding Plaintiff's discipline and eventual termination.

97. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the

following injuries and damages: violation of his civil and political rights pursuant to the State of North Carolina public policy, lost income, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

98. Defendant City and Defendant Newton Police Department knew or should have had reason to know of the personnel officers' propensity to violate the civil and political rights of others, yet failed to appreciate the risk posed to Plaintiff and other officers and further failed to take adequate precautions to prevent the conduct as described herein.

99. Defendant City and Defendant Newton Police Department were knowingly and deliberately indifferent to the possibility that its officers were wont to violate the constitutional rights of personnel as described herein.

100.      During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Plaintiff and violate his civil and political rights.

101.      Some of the Defendants who did not participate in the conduct but who otherwise observed the violation of Plaintiff's constitutional rights failed to intercede on Plaintiff's behalf.

102.      Upon information and belief, the Newton Police Department, the City of Newton, and their respective policymakers, officials or supervisors have approved or acquiesced to policies, customs or patterns and practices within the

Newton Police Department that resulted in the unlawful discipline and eventual termination of Plaintiff.

103.     Upon information and belief, the Newton Police Department, the City of Newton, and their respective policymakers, officials or supervisors have failed to provide adequate training that resulted in the unlawful discipline and eventual termination of Plaintiff.

## FIRST CAUSE OF ACTION
### 42 .S.C. § 1983 – Violation of the First Amendment

104.     The above paragraphs are incorporated herein by reference as if fully set forth below.

105.     The acts described above constitute violations of Plaintiff's rights, under the First Amendment of the United States Constitution.

106.     Plaintiff has a constitutionally protected liberty interest in engaging in the discussion of public issues and advocating for his own election.

107.     The conduct of Defendants was objectively unreasonable and was undertaken intentionally and/or with reckless or callous indifference toward the rights of Plaintiff.

108.     Defendants violated the First Amendment of the United States Constitution by disciplining Plaintiff as a result of political motivation.

109.     Such conduct is injurious to the public policy of the State of North Carolina. "[I]f it be conceded that the First Amendment was `fashioned to assure the unfettered interchange of ideas for the bringing about of political and social

changes desired by the people,' then it can hardly be doubted that the constitutional guarantee has its fullest and most urgent application precisely to the conduct of campaigns for political office." *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 271-272 (1971) (citation omitted).

110.    As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

111.    Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiffs civil and political rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil and political rights, entitling Plaintiff to an award of punitive damages.

112.    Defendant City and Defendant Newton Police Departments' officers, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

113.    Defendant City and Defendant Newton Police Department, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondent superior.*

### SECOND CAUSE OF ACTION
### *N.C.G.S. § 12-223 – Retaliation*

114.    The above paragraphs are incorporated herein by reference as if fully set forth below.

115.     Under North Carolina law, the willful and unlawful resistance, delay or obstruction of a public officer in discharging or attempting to discharge an official duty is unlawful. N.C.G.S. § 12-223.

116.     Plaintiff was unlawfully instructed by Defendant DONALD BROWN to obstruct the duties of the Catawba County Sheriff's Office in their duties, including but not limited to not assisting the Catawba County Sheriff's Office in their duties, lying to the Catawba County Sheriff's Office about a drug complaint, and preventing the Catawba County Sheriff's Office from claiming jurisdiction in cases.

117.     Upon information and belief, these unlawful instructions were issued as a result of political motivations.

118.     Plaintiff refused to comply with any unlawful instructions.

119.     Upon information and belief, as a result of said refusal, Plaintiff experienced several false allegations of policy violations that led to his removal from the night shift on two separate occasions, removal from his position in narcotics, and the stripping of Plaintiff's Homeland Security credentials without cause.

120.     As a result of such allegations, Plaintiff experienced frequently invidious comments and ridicule by his fellow officers, rising to a level of workplace harassment.

121.     Plaintiff experienced deliberate isolation and exclusion by his fellow officers.

122.     Even after reporting such harassment, supervisor Defendants took no action.

123.     Defendants violated North Carolina public policy by disciplining Plaintiff after he exercised his rights and in good faith refused to comply with unlawful instructions.

124.     Such conduct is injurious to the public policy of the State of North Carolina.

125.     The public policy of North Carolina, as set forth in N.C. Gen. Stat. § 95-126 et seq. states, "[t]he General Assembly finds that the burden of employers and employees of this State resulting from personal injuries and illnesses arising out of work situations is substantial; that the prevention of these injuries and illnesses is an important objective of the government of this State; that the greatest hope of attaining this objective lies in programs of research, education and enforcement, and in the earnest cooperation of the federal and State governments, employers and employees. The General Assembly of North Carolina declares it to be its purpose and policy through the exercise of its powers to ensure so far as possible every working man and woman in the State of North Carolina safe and healthful working conditions and to preserve our human resources."

126.     As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, anxiety, humiliation, expenses, and other damages and is entitled to recover

compensatory damages in an amount to be determined at trial.

127.     Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiffs civil and political rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil and political rights, entitling Plaintiff to an award of punitive damages.

128.     Defendant City and Defendant Newton Police Departments' officers, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

129.     Defendant City and Defendant Newton Police Department, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

## THIRD CAUSE OF ACTION
### *N.C.G.S. § 160A-169 – Retaliation*

130.     The above paragraphs are incorporated herein by reference as if fully set forth below.

131.     Under North Carolina law, city employees have a right to engage in political activity while off duty without restriction. N.C.G.S. § 160A-169.

132.     Plaintiff was employed directly by the Newton Police Department, a department that is supported, in whole or in part, by city funds. Therefore, Plaintiff is considered a City Employee. N.C.G.S. § 160A-169(b)(1).

133.     After enduring unlawful discipline and harassment, the Plaintiff resolved to run for office.

134. Plaintiff continued to experience frequently invidious comments and ridicule by his fellow officers, rising to a level of workplace harassment.

135. Plaintiff continued to experience deliberate isolation and exclusion by his fellow officers.

136. Upon information and belief, as a result of Plaintiff running for office, Plaintiff experienced several false allegations of policy violations that led to his termination.

137. Defendants violated North Carolina public policy by terminating Plaintiff after he exercised his rights and in good faith engaged in political activity by running for office.

138. Such conduct is injurious to the public policy of the State of North Carolina.

139. The public policy of North Carolina, as set forth in N.C. Gen. Stat. § 95-126 et seq. states, "[t]he General Assembly finds that the burden of employers and employees of this State resulting from personal injuries and illnesses arising out of work situations is substantial; that the prevention of these injuries and illnesses is an important objective of the government of this State; that the greatest hope of attaining this objective lies in programs of research, education and enforcement, and in the earnest cooperation of the federal and State governments, employers and employees. The General Assembly of North Carolina declares it to be its purpose and policy through the exercise of its powers to ensure so far as possible every working man and woman in the State of North

Carolina safe and healthful working conditions and to preserve our human resources."

140.     As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

141.     Defendants' unlawful conduct constitutes a willful and wanton violation of N.C.G.S. § 160A-169, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil and political rights, entitling Plaintiff to an award of punitive damages.

142.     Defendant City and Defendant Newton Police Departments' officers, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

143.     Defendant City and Defendant Newton Police Department, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

### FOURTH CAUSE OF ACTION
*Civil Conspiracy*

144.     The above paragraphs are incorporated herein by reference as if fully set forth below.

145.     For a Plaintiff to state a claim for civil conspiracy under North Carolina law, the Plaintiff must allege that there was "(1) an agreement between two or

more persons (2) to do an unlawful act or to do a lawful act in an unlawful way, and, (3) as a result of acts done in furtherance of, and pursuant to, the agreement, damage occurs to the plaintiff. *Lenzer v. Flaherty,* 106 N.C. App. 496, 511 (N.C. Ct. App. 1992) [*citing Fox v. Wilson*, 85 N.C. App. 292, 301, 354 S.E.2d 737, 743 (1987)].

146.    Upon information and belief, Defendant Brown, Defendant Hayes and Defendant Beal had an agreement to unlawfully discipline Plaintiff for refusing to comply with unlawful instructions.

147.    Defendant Brown, Defendant Hayes and Defendant Beal violated North Carolina public policy by disciplining Plaintiff after he exercised his rights and in good faith refused to comply with unlawful instructions.

148.    Such conduct is injurious to the public policy of the State of North Carolina.

149.    The public policy of North Carolina, as set forth in N.C. Gen. Stat. § 95-126 et seq. states, "[t]he General Assembly finds that the burden of employers and employees of this State resulting from personal injuries and illnesses arising out of work situations is substantial; that the prevention of these injuries and illnesses is an important objective of the government of this State; that the greatest hope of attaining this objective lies in programs of research, education and enforcement, and in the earnest cooperation of the federal and State governments, employers and employees. The General Assembly of North Carolina declares it to be its purpose and policy through the exercise of its powers to ensure so far as possible every working man and woman in the State of North

Carolina safe and healthful working conditions and to preserve our human resources."

150.    As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

151.    Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiffs civil and political rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil and political rights, entitling Plaintiff to an award of punitive damages.

152.    Defendant City and Defendant Newton Police Departments' officers, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

153.    Defendant City and Defendant Newton Police Department, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

## FIFTH CAUSE OF ACTION
### Negligent Retention and Supervision

154.    The above paragraphs are incorporated herein by reference as if fully set forth below.

155.    Defendant City and Defendant Newton Police Department owed a duty of care to Plaintiff to adequately hire, retain and supervise its employee

defendants.

156.     Defendant City and Defendant Newton Police Departments breached that duty of care.

157.     Defendant City and Defendant Newton Police Department placed employee defendants in a position where they could inflict foreseeable harm.

158.     Defendant City and Defendant Newton Police Department knew or should have known of its employee defendants' propensity for violating the individual rights granted under the laws of the State of North Carolina, prior to the injuries incurred by Plaintiff.

159.     Defendant City and Defendant Newton Police Department failed to take reasonable measures in hiring, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

160.     As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
*Municipal "Monell" Liability Under 42 U.S.C. § 1983*

161.     The above paragraphs are incorporated herein by reference as if fully set forth below.

162.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a patter of unconstitutional conduct by subordinate officers,

and were directly responsible for the violation of Plaintiff's constitutional rights.

163.    Defendant City maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such behavior.

164.    Defendant City's employee officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of them.

165.    Defendant City, its policymakers and supervisors fail to provide adequate training or supervision to their subordinates, to such an extent that it is tantamount to the City's deliberate indifference towards the rights of those who may come into contact with Defendant City's employees.

166.    Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's constitutional right that the need for enhanced training or supervision is obvious and equates to the display of indifference towards the rights of individuals, who may come into contact with Defendant City's employees.

167.    Defendant City's repeated refusal or failure to install or apply corrective of preventative measures constitutes the tacit approval of such behaviors or a deliberate indifference to the rights of those who may be affected by such behavior.

168.    Defendant City's conduct cause the violation of Plaintiff's civil rights

enumerated within the Constitution of the United States pursuant to the First Amendment.

169.     As a direct and proximate result of this conduct, Plaintiff sustained the damages hereinbefore alleged.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiff respectfully requests the Court for the following relief:

1.  That the Court find the Defendants liable to the Plaintiff on all claims asserted.

2.  That the Court enter judgment against Defendants in an amount to be determined at trial plus both pre and post judgment interest at the legal rate until paid in full after judgment, the costs of this action, and attorney fees.

3.  That the Court accepts this verified complaint as an affidavit of the Plaintiff from which to base any motions related to this case.

4.  That the Plaintiff recovers any further relief that the Court deems just and proper.

Respectfully submitted this 22 day of November 2024.

/s/ Alyssa Sanchez Wright
King Law Offices, P.C.
1351 N. Center Street
Hickory, North Carolina 28601
T: (828) 288-3085 ext. 2004
E: asanchez@kinglawoffices.com
NCSB No. 60337

/s/ Nicholas A. White
King Law Offices, P.C.

1351 N. Center Street
Hickory, North Carolina 28601
T: (828) 288-3085 ext. 2004
E: nwhite@kinglawoffices.com
NCSB No. 53661

*ATTORNEYS FOR THE PLAINTIFF*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
Case No. _____

DEREK SLAUGHTER,            )
                           )
        Plaintiff,       )
                           )
   v.                  )
                           )     **VERIFICATION**
THE CITY OF NEWTON, THE    )
NEWTON POLICE DEPARTMENT,  )
DON BROWN, VIDAL SIPE, MARK )
BEAL, TIMOTHY HAYES, BRIAN  )
KELLY and JONATHAN FRANKLIN )
                           )
       Defendants.     )

STATE OF NORTH CAROLINA
COUNTY OF ___CATAWBA___

     DEREK SLAUGHTER being first duly sworn, deposes and says that he is the Plaintiff in the above-captioned matter; that he has read the foregoing complaint and knows the contents thereof and that the same are true to his own knowledge except as to those matters stated on information and belief, and as to those matters he believes them to be true.

_____
DEREK SLAUGHTER
*Plaintiff*

SWORN TO AND SUBSCRIBED BEFORE ME

On this the __18__ day of __November__, 2024.

_____
Notary Public

My Commission Expires: _07-13-2028_

ALYSSA SANCHEZ WRIGHT
Notary Public
Catawba County
My Comm. Exp.
07-13-28
NORTH CAROLINA